**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**DAWAN JOHNSON,**

        **Petitioner,**

**v.**

**THE UNITED STATES OF AMERICA,**

        **Respondent.**

_____/

**CIVIL NO. 05-71253
CRIMINAL NO. 02-CR-80802**

**HON. PAUL D. BORMAN
District Judge**

**HON. R. STEVEN WHALEN
Magistrate Judge**

**REPORT AND RECOMMENDATION**

Petitioner Dawan Johnson, an inmate at FCI Oxford in Oxford, Wisconsin, has filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255, alleging that his sentence violated his Due Process rights. The petition has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that the petition be DENIED.

**I.     BACKGROUND FACTS**

On January 10, 2003, Petitioner pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), stipulating that he had been previously convicted for the possession of cocaine with the intent to distribute. At the March 19, 2003 Sentencing Hearing, the Court noted that although the Rule 11 Plea Agreement limited the sentence to 57 months, the Pre-sentence Report contained criminal history entries indicating

-1-

that a higher guideline range of 70 to 87 should be enforced. *Transcript*, at 4. After being advised by the Court that he retained the right to withdraw his plea or go to trial, Petitioner requested an acceptance of the plea, notwithstanding the fact that his criminal history indicated that he would receive a sentence of 70 to 87 months rather than 57 months as previously anticipated. *Id.* at 6. Petitioner's attorney contended, given the former expectation of a lower sentence, that "it would be equitable to keep [it] as low as you can." *Id*. The Court sentenced Petitioner to 70 months.

Petitioner filed the present §2255 motion on March 31, 2005, alleging that pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005), his Criminal History Score should be re-calculated "absent any enhancements for being under any Criminal Justice Sentence and of committing the instant offense less than 2 years after release from custody." *Motion to Vacate,* at 4.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct his sentence on the grounds that the sentence was imposed in violation of the United States Constitution. "[A] defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. U.S.* 157 F.3d 427, 430 6th Cir. 1998) (internal quotation omitted); *Gall v. United States,* 21 F.3d 107, 109 (6th Cir.1994). To prevail under § 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's

verdict. *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir.2003); *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

### III.   ANALYSIS

Plaintiff alleges that he is entitled to relief pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005).  He submits that his sentencing was "illegal," arguing that the inclusion of his prior convictions in calculating his sentence "was imposed using preponderance of the evidence standard rather than by proof beyond a reasonable doubt." *Reply* at 4.  Plaintiff also cites *United States v. Booker*, 375 F. 3d 508 (7th Cir. 2004) (*cert. granted*) for the proposition that "a defendant has a right to a jury trial determination of any fact which increases his penalty." *Reply,* at 5.

In *Booker*, the Supreme Court, applying its earlier  reasoning in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to the Federal Sentencing Guidelines, held that  "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker,* 125 S.Ct. at 756.

Petitioner's claim for relief under *Booker* fails substantively as well as on procedural grounds.  First, *Booker,* citing *Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), applied its holding to all cases on *direct* review.  *Booker,* 125 S.Ct. at 769.  Subsequently*,* the Sixth Circuit held that *Booker* may not be retroactively invoked  in

collateral proceedings. *Humphress v. U.S.,* 398 F.3d 855, 860 (6th Cir. 2005).[1] Hence, Petitioner may not invoke *Booker* in his §2255 motion.[2]

In addition, Petitioner's argument that he was entitled to a factual determination of his prior criminal convictions beyond a reasonable doubt by a jury before sentencing reflects a misreading of both *Booker* and its progenitor, *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Contrary to Petitioner's interpretation, his guilty plea circumvented the need to establish the elements of the offenses beyond a reasonable doubt. *Booker,* 125 S.Ct. at 756, reaffirming *Apprendi*, found that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts *established by a plea of guilty* or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." (emphasis added). *See also U.S. v. Bradley,* 400 F.3d 459, 462 (6th Cir. 2005) ("[T]he statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or *admitted by the defendant* "); *Blakely,* 124 S.Ct. at 2537.[3] Petitioner's plea

---

[1] The Sixth Circuit recently noted in *U.S. v. Saikaly*, 424 F.3d 514, 517 (6th Cir. 2005) that "[e]very other court of appeals that has addressed this issue has reached the same conclusion." *Id*. at fn 1.

[2] In *Booker*, the Court salvaged the federal sentencing guidelines by making them advisory rather than mandatory.

[3] Petitioner's reliance on *U.S. v. Booker,* 375 F.3d 508, 512 (7th Cir. 2004) is similarly misplaced. Consistent with *Apprendi*. the Seventh Circuit found that "[t]he finding of facts (*other than the fact of the defendant's criminal history*) bearing on the length of the sentence is just what the Supreme Court in *Blakely* has determined to be the province of the jury." (emphasis added)

agreement comports with the requirements of *Apprendi.* Petitioner's Rule 11 Plea Agreement states that he admitted to the elements of 18 U.S.C. § 922(g)(1) - -Felon in Possession of Firearm. The transcript of Petitioner's Sentence Hearing in June, 2003 shows that despite being informed that his criminal history placed his guideline range at 70 to 87 months, rather than 57, he knowingly waived his right to withdraw his plea. *Transcript,* at 4-6.[4]

---

[4]

"The Court: '. . . . In this case, the Rule 11 agreement that the Court took the plea in conjunction limits the sentence to 57 months. The Pre-sentence Report indicates that given the offense and the criminal history that a higher guideline range should be enforced, specifically a range of 70 to 87 months. Do you wish to withdraw your plea to that because given the range under the law, the Court must sentence within the appropriate guideline range, and that is the range that is allowed under the law, and you are entitled to withdraw your plea if you wish to. What do you wish to do? . . . .Let me ask you specifically Mr. Johnson, in the Pre-Sentence Report – I should say in the Rule 11, it produced a Criminal History Category 3. That's based on your prior history , but in the Pre-Sentence Report, there are additional matters that came up with regard to your criminal history that[] scores you at Level 5. So whereas Offense Level 21 with a range of 3, that puts you at 46 to 57, you have an Offense Level 21 with a Level 5, and puts you in the 70 to 87 range. You understand that? That's the basis for the increase in the sentencing range of months. You understand that, sir?'

Petitioner: 'Yes, your Honor'

The Court:'Okay. So you have a right, if you want, to withdraw your plea and go to trial, or you can ask the Court to continue accepting the plea, understanding that the range is 70 to 87 months instead of the other range. That's your choice. You understand that, Mr. Johnson?'

Petitioner: 'Yes, your Honor.'

The Court: 'What is it that you wish to do? Do you wish the Court to accept your plea given this range, the new range?'

Likewise, the government was not required to prove prior convictions to which Petitioner admitted as part of his agreement. Such a requirement would defeat one of the main purposes of crafting plea agreements. *See Bradley, supra,* 400 F.3d at 464 -465; *Young v. United States,* 124 F.3d 794, 798 (7th Cir.1997) ("If the law allowed the defendant to get off scot free in the event the argument later is shown to be a winner, then the defendant could not get the reduction in the first place." (internal citations omitted)).

Finally, I note that even if the Court were to adopt Petitioner's argument he is still not guaranteed a shorter sentence. As noted by Respondent, although Petitioner argues that his Criminal History points properly group him in the Criminal History Category of IV with a guideline range of 57-71 months, "the 70 month sentence which [P]etitioner is presently serving is within the range he seeks in his petition." *Response* at 3.

## IV. CONCLUSION

For these reasons, I recommend that Petitioner's motion to vacate sentence under 28 U.S.C. §2255 be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th

---

Petitioner: 'Yes.'"

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 10, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 10, 2006.

S/G. Wilson
Judicial Assistant